IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARLETUS ADAMS                                                                               PLAINTIFF

vs.                                             Civil No. 2:10-cv-02188

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Carletus Adams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed his disability application on January 13, 2006. (Tr. 13, 1964-1966). In his application, he alleged he was disabled due to Wolff-Parkinson-White ("WPW") syndrome[2], bipolar disorder, post-traumatic stress disorder ("PTSD"), depression, and a heart condition. (Tr. 82,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] Wolff-Parkinson-White syndrome is a type of cardiovascular disorder. *The Merck Manual* 2170-2173 (19th ed. 2011).

1

1964, 4594). Plaintiff claimed these impairments caused him to be unable to focus: "I can't focus on one thing." (Tr. 83). Plaintiff alleged an onset date of December 23, 2004. (Tr. 13). This application were denied initially and again on reconsideration.

Thereafter, on August 2, 2007, Plaintiff's first administrative hearing in this matter was held. (Tr. 1797-1818). This hearing was held in Fort Smith, Arkansas. *Id.* Plaintiff was present and was represented by Keena Wamble at this hearing. *Id.* Subsequent to that hearing, on October 31, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 13-29). On March 28, 2008, Plaintiff appealed this denial to the U.S. District Court for the Western District of Arkansas, Fort Smith Division. *See Adams v. Astrue,* 2:08-cv-02026. The Honorable U.S. District Judge Robert T. Dawson then reversed and remanded Plaintiff's case to the SSA for further administrative proceedings. ECF No. 14. A remand was found to be required "[b]ased on the lack of evidence to indicate exactly what plaintiff's level of impairment would be and which mental impairments would remain if drugs and alcohol were taken out of the equation." ECF No. 13 (Report and Recommendation entered by the Honorable U.S. Magistrate Judge Marschewski).

After this remand, the ALJ held a supplemental hearing. (Tr. 4562-4615). This hearing was held in Fort Smith, Arkansas on August 2, 2007. *Id.* Plaintiff was present and was represented by Keena Wamble. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his GED. (Tr. 4565-4567).

On August 17, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on his application. (Tr. 1829-1844). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 1832, Finding 1). The ALJ determined

Plaintiff had engaged in Substantial Gainful Activity ("SGA") after his alleged onset date but had not engaged in SGA after January of 2006. (Tr. 1832-1833). The ALJ determined Plaintiff had the following severe impairments: PTSD, polysubstance abuse, antisocial personality disorder, degenerative disc disease of the lumbar spine, and WPW Syndrome. (Tr. 1833, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 1833-1835, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 1835-1842, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant cannot climb ladders, ropes, and scaffolds. The claimant can frequently reach, but only occasionally reach overhead. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors, poor ventilation, and hazards, such as unprotected heights and heavy machinery. The claimant can respond appropriately to supervisors, coworkers, and usual work situations, but can have only occasionally contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform his PRW. (Tr. 1842, Finding 6). The ALJ, however, also evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 1842-1843). Considering his age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform work as a production worker (light, unskilled) with 300,000 such jobs

in the national economy and 6,300 such jobs in Arkansas; laundry worker (light, unskilled) with 280,000 such jobs in the national economy and 2,500 such jobs in Arkansas; and poultry eviscerator (light, unskilled) with 44,000 such jobs in the national economy and 5,000 such jobs in Arkansas. (Tr. 1843). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 23, 2004 through the date of his decision or through August 17, 2010. (Tr. 1843, Finding 11).

On October 4, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 1824). *See* 20 C.F.R. § 404.968. On January 11, 2011, the Appeals Council denied this request for review and notified Plaintiff that the ALJ's decision was the final decision in this action. (Tr. 1819-1820). On December 7, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 22, 2010. ECF No. 7. Plaintiff filed his *pro se* brief on March 31, 2011, and Defendant filed his brief on June 1, 2011. ECF Nos. 15, 18. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15 at 1-4. It does not appear, however, that Plaintiff raises any specific arguments which would justify a remand. Thus, this Court will review the ALJ's disability determination and evaluate whether it is supported by substantial evidence in the record. Further, Plaintiff attached several documents to his briefing, and this Court will also consider whether those documents justify a remand in this case.

    A. **Substantial Evidence Determination**

As an initial matter, the ALJ found Plaintiff had engaged in SGA until January 1, 2006. (Tr. 1833). Plaintiff does not dispute this finding. ECF No. 15. Thus, this Court will only evaluate Plaintiff's records dated after January 1, 2006. Also, Plaintiff alleges he is disabled due to WPW syndrome, bipolar disorder, PTSD, depression, and a heart condition. (Tr. 82, 1964, 4594). Thus, this Court will only evaluate those alleged impairments.

    1. **Physical Impairments**

First, Plaintiff claims he is disabled due to WPS syndrome and a related heart condition. In September of 2006, Plaintiff was receiving treatment for his WPS syndrome. (Tr. 1029). His treating physician noted no limitations from this syndrome, and found it had previously been treated with ablation.[3] *Id.* Based upon Plaintiff's medical records, it appears this ablation took place in 2005. (Tr.

---

[3] Wolff-Parkinson-White syndrome is often treated successfully with ablation. *The Merck Manual* 2173 (19th ed. 2011).

6

1345). Plaintiff's physician also noted that Plaintiff "wanted disabled parking card, but I declined as I don't think he qualifies medically." *Id.*

The ALJ also considered Plaintiff's WPS in his opinion. (Tr. 1837). Specifically, the ALJ noted that after he exhibited chest pain, Plaintiff was diagnosed with WPS in 2002. *Id.* The ALJ found that despite this diagnosis, Plaintiff was still able to work through 2005 with this impairment. *Id.* Such a finding indicates his WPS was not disabling. Based upon these findings and the remainder of the transcript, it appears the ALJ's RFC determination properly evaluated Plaintiff's limitations due to this syndrome and his related heart condition.

### 2.   Mental Impairments

Second, Plaintiff claims he is disabled due to mental impairments, including bipolar disorder, PTSD, and depression. The records do not reflect treatment for either bipolar disorder or depression. Instead, Plaintiff's medical records reflect treatment for PTSD. Thus, this Court will only evaluate that impairment.

On December 5, 2006, the VA found Plaintiff was disabled due to his PTSD. (Tr. 1011). The VA also noted, however, that Plaintiff's symptoms "were primarily felt to be due to poor coping skills, antisocial personality disorder and cocaine and alcohol abuse." (Tr. 1011). The VA noted Plaintiff "admitted to non-compliance with medication at home and [that] recent use of cocaine and alcohol worsened chronic suicidal ideation." *Id.* In May of 2007, Plaintiff was diagnosed by the VA with cocaine dependence (continuous); post-traumatic stress disorder (chronic); personality disorder; and tobacco use disorder. (Tr. 1069). Plaintiff reported his drug of choice was "crack-cocaine." *Id.* On May 30, 2007, Plaintiff was evaluated by Dr. Eugene Alexander, M.D. who had examined Plaintiff twice in 2007. (Tr. 1299, 1304). Dr. Alexander opined Plaintiff could be quite functional

7

if he stopped his substance abuse. *Id.*

In February of 2008, Dr. Richard C. Heckmann, M.D. treated Plaintiff for suicidal ideation and reported he believed Plaintiff may be malingering. (Tr. 4104). On February 11, 2008, Plaintiff was again admitted to the VA hospital for suicidal ideation. (Tr. 4124). As a part of that admission, Janie S. Johnson, RN noted the following regarding Plaintiff's malingering: "The team concur that vet seems to be manipulating for continued stay, will say he is suicidal to not go to any ward groups as he sees fit . . . ." *Id.* On next day, Dr. Carol Phillips, M.D. discharged Plaintiff with a diagnosis of malingering. (Tr. 4133).

On March 14, 2008, Dr. Phillips again discharged Plaintiff with a diagnosis of malingering. (Tr. 2633). On that date, Dr. Phillips noted the following:

> Veteran has a severe personality disorder and uses his $2300/month of pension for cocaine and other options. He has numerous court appearances and seems to use the hospital to avoid going to court. He4 [He] has been offered housing in Missouri and has refused. He will return to Ft Smith and make his own housing arrangement.

(Tr. 4199).

On July 16, 2008, Diane Brandmiller, Ph.D. reported an Axis I diagnosis of malingering and an Axis II diagnosis of personality disorder not otherwise specified, with borderline and antisocial features. (Tr. 2120). Dr. Brandmiller explained Plaintiff gave some inconsistent information and appeared to be exaggerating at the severity of reported symptomatology. (Tr. 2120-2122). Dr. Brandmiller reported that Plaintiff's affect was appropriate, with a normal range of expression; his speech was spontaneous with normal rate and volume; and his thought process was logical, relevant, and goal-directed. (Tr. 2119). Plaintiff appeared able to comprehend simple instructions and followed instructions for the mental status exam without difficulty. (Tr. 2122).

Dr. Brandmiller also noted the following regarding Plaintiff's daily activities:

> He eats one or two meals a day and he cooks once or twice a week. He does housecleaning including floors, kitchen, and laundry once a week. He goes shopping about twice a week, mostly with his ex-wife. He plays solitaire on the computer until he loses interest. He watches movies. He went fishing about two weeks ago with his son and grandson for a couple of hours. He talks with friends about once or twice a month. He has been getting along with his extended family adequately when he is around them, but he has turned down two recent invitations from them to come over. He showers every night or every other night.

(Tr. 2121). Based upon these medical records, this Court find the ALJ's determination regarding Plaintiff's mental impairments is supported by substantial evidence in the record.

Further, as a final note in evaluating the ALJ's disability determination, it is important to consider that the Department of Veterans Affairs found Plaintiff to be disabled due to his PTSD. (Tr. 1010). The ALJ noted the following regarding the VA's determination:

> The claimant has been found disabled by the VA (exhibits 10F and 21F). He has been considered unemployable since December 24, 2005, and was found to be incompetent to manage his funds because he uses them to buy cocaine as a form of self-medication (exhibit 21F). A decision by another agency finding an individual disabled is based on its rules and is not binding on the Social Security Administration, which must make a decision based on social security law (20 CFR 404.1504). As shown above, the evidence as a whole supports a finding that the claimant is not disabled under the Social Security statute and regulations.

(Tr. 1841). Because the ALJ properly considered and discounted the disability determination by the VA, this case need not be reversed and remanded. *See Pelkey v. Barnhart,* 433 F.3d 575, 579 (8th Cir. 2006) (holding that while the "ALJ should consider the VA's finding of disability," the "ALJ is not bound by the disability rating of another agency when he is evaluating whether the claimant is disabled for purposes of social security benefits").

    **B.**    **Additional Documents**

Plaintiff submitted additional documents with his briefing to this Court. First, Plaintiff attached three one-page letters from the Department of Veterans Affairs regarding his drug screens.

9

ECF No. 15-1. All of these letters are dated after the hearing decision in this matter and do not relate to the relevant time-period. (Tr. 1829-1844). Further, Plaintiff has not provided an explanation as to how these records would have altered the ALJ's disability determination in this matter. Thus, this Court will not address those documents further. Second, Plaintiff attached the VA's disability determination. This determination is already included in the record. (Tr. 1010-1013). It is unnecessary to include this report in the record twice.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE